UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIPPE BUHANNIC,

                Plaintiff,

– *against* –

TRADINGSCREEN INC.,

                Defendant.

**OPINION & ORDER**

18 Civ. 9351 (ER)

RAMOS, D.J.:

    In this action — one of many brought before this Court[1] — Philippe Buhannic sues his former employer, TradingScreen, Inc., to advance legal expenses associated with his termination as chief executive officer and for breach of an indemnification agreement. TradingScreen moves to dismiss this action on the grounds of *res judicata* and collateral estoppel, arguing that many issues raised by Buhannic's complaint had already been decided by Justice Friedman of the Supreme Court of New York. For the following reasons, the motion to dismiss is GRANTED.

## I. BACKGROUND & PRIOR PROCEEDINGS

    Buhannic, along with his brother Patrick Buhannic and Joseph Ahearn, founded TradingScreen, Inc., a provider of financial technology solutions, in 1999. Compl. ¶ 4, Doc. 1. He served as its chief executive officer and chairman of its board of directors until mid-2016. *Id.*

    In September 2007, Buhannic and TradingScreen entered into an indemnification agreement. Vassos Decl. Ex. D ("Indem. Agreement"), Doc. 43. The agreement generally allows for Buhannic's indemnification when he is a party to a proceeding by reason of his being an officer or director of TradingScreen. Indem. Agreement § 1. The

---

[1] For a fuller description of Buhannic's litigation history in this Court, see the Court's Opinion and Order simultaneously filed in 19 Civ. 10650.

agreement further provides for the advancement of litigation expenses in proceedings for which TradingScreen is bound to indemnify Buhannic. *Id.* § 4. When Buhannic brings a proceeding himself, his indemnification is limited to proceedings that the board of directors approves or that Buhannic brings to enforce his rights under the indemnification agreement. *Id.* § 8. The agreement also provides that TradingScreen will advance and indemnify Buhannic in any judicial adjudication of his rights under the indemnification agreement. *Id.* § 6(d).

In early May 2016, the board of directors placed Buhannic on leave from his role as CEO and removed him as chairman of the board of directors. Compl. ¶ 4. When Buhannic and his brother attempted to block the board's actions by changing its composition via stockholder consents, TradingScreen sought declaratory relief in the Delaware Court of Chancery. Compl. ¶ 41. The company asked the court to declare the proper composition of the board under Section 225 of Title 8 of the Delaware Code. Vassos Decl. Ex. E ("Del. Order"). After Buhannic withdrew the stockholder consents, the Delaware action was dismissed as moot on June 27, with Buhannic's associated claims withdrawn with prejudice. Del. Order ¶¶ 3, 4, 6. The board fired him as CEO at approximately the same time. Compl. ¶ 4.

In July 2016, Buhannic, while represented by counsel, initiated an arbitration before the American Arbitration Association related to changes he had attempted to make to an agreement among TradingScreen's founders without the consent of all of the founders. *See generally Buhannic v. Tradingscreen, Inc.*, No. 17 Civ. 7993 (ER), 2018 WL 3611985 (S.D.N.Y. July 27, 2018) (dismissing petition to vacate the arbitration), *aff'd*, 779 F. App'x 52 (2d Cir. 2019). That same month, Buhannic filed a lawsuit in the Supreme Court of New York, initially represented by counsel, alleging breach of his employment contract with TradingScreen. *See* Verified Compl., *Buhannic v. TradingScreen, Inc.*, No. 653624/2016 (N.Y. Sup. Ct. July 11, 2016), Doc. 1. An October

2016 amended complaint additionally alleged breach of the 2007 indemnification agreement.  Verified Am. Compl., *id.* ¶¶ 115–28, 201–10, Doc. 37; *see also* Compl. ¶ 43.

In April 2017, as the AAA arbitration and New York lawsuit were pending, TradingScreen hired an outside law firm to investigate Buhannic's business dealings with another company, SpreadZero, while he was CEO of TradingScreen.  Compl. ¶ 48.  Although neither Buhannic nor TradingScreen detail the results of that investigation or Buhannic's efforts in defense of it, Buhannic alleges he made a demand to the company in June 2017 for advancement of expenses necessary to defend the investigation.  *Id.*

Buhannic eventually moved to enforce the terms of the 2007 indemnification agreement in the New York state litigation pending before Justice Friedman, specifically seeking advancement of fees related to the following actions:  (1) the May 2016 Delaware litigation; (2) the April 2017 SpreadZero investigation; (3) the motion seeking fees itself; and (4) the New York litigation generally.  *See Buhannic v. Tradingscreen, Inc.*, No. 653624/2016, 2017 WL 6371156, at *1 (N.Y. Sup. Ct. Dec. 13, 2017), *aff'd*, 168 A.D.3d 497 (N.Y. App. Div. 2019).  After briefing, with Buhannic represented by counsel, Justice Friedman denied the motion in December 2017.

Justice Friedman denied the motion as to the Delaware litigation with prejudice because the claims were based on "stockholder consents and rights," rather than on Buhannic's status as an officer or director of TradingScreen.  No. 653624/2016, 2017 WL 6371156, at *3 (citing Indem. Agreement § 4).  She found in the alternative that the motion should be denied because Buhannic was ultimately unsuccessful in the Delaware litigation and had no claim whatsoever to indemnification funds.  *Id.* ("The court may not properly order advancement of expenses that [Buhannic] would ultimately be required to return.").

The justice next turned to the SpreadZero investigation.  She denied this branch of the motion without prejudice, finding that Buhannic had never provided invoices or other necessary documentation to the court necessary to trigger the fee advancement or

3

indemnification provisions of the indemnification agreement. No. 653624/2016, 2017 WL 6371156, at *3. Similarly, Justice Friedman denied the motion as to the fees regarding the adjudication of the fee motion itself without prejudice. Although she found that Buhannic was entitled to advancement and indemnification of such fees, she found that Buhannic had not provided the necessary documentation of those costs. *Id.* at *4 (citing Indem. Agreement § 6(d)).

Finally, Justice Friedman denied with prejudice Buhannic's motion with respect to the New York litigation as a whole. "As this action was brought by [Buhannic]," she held, "without the approval of the Board, [Buhannic] is not entitled to advancement or indemnification of expenses incurred in litigating this action as a whole." No. 653624/2016, 2017 WL 6371156, at *3 (citing Indem. Agreement § 8).

In June and August 2018, Buhannic filed three actions before this Court. Compl. ¶¶ 46, 47, 50. Each of these three actions, 18 Civ. 5371, 5372, and 7997, made nearly identical claims and sought nearly identical relief to that sought in the New York state action. *See Buhannic v. Schroeder*, Nos. 18 Civ. 5371, 5372, 7997, 2019 WL 4735378, at *2–3 (S.D.N.Y. Sept. 27, 2019).

Buhannic filed this action in October 2018. In his complaint, Buhannic alleges that he is owed fee advancements for his costs in seven proceedings: the Delaware litigation, the AAA arbitration, the New York state litigation, the SpreadZero investigation, and the three cases filed in this Court discussed above. Compl. ¶¶ 40–50. He further alleges that TradingScreen has failed to advance him fees for the adjudication of his rights under the indemnification agreement. *Id.* ¶ 27.

The proceedings in this Court and before Justice Friedman advanced in parallel. Buhannic never filed the supporting documents in support of his fee applications for the SpreadZero investigation or the indemnification motion in this case or the New York state case. Eventually, in August 2019, Justice Friedman dismissed the New York case in its entirety with prejudice pursuant to Rule 3216 of the New York Civil Practice Law and

4

Rules due to Buhannic's failure to appear at depositions and cooperate with discovery. No. 653624/2016 (Aug. 9, 2019), Doc. 586. An appeal of that order remains pending at this time. Notice of Appeal, No. 653624/2016 (Aug. 15, 2019), Doc. 589. Other than the notice of appeal, Buhannic has filed no further documents in that matter.

In September 2019, before becoming aware of Justice Friedman's dismissal of Buhannic's New York state court case with prejudice, the Court denied a first motion to dismiss this case. The defendants argued that the Court should abstain from adjudicating this case given the, at the time, ongoing litigation in New York Supreme Court, citing the doctrine described in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). 2019 WL 4735378, at *5–6. After considering the six factors guiding abstention, the Court found that three weighed in favor of abstention and three against. *Id.* However, the Court found that the third factor, the need for "avoidance of piecemeal litigation," dispositively counseled against abstention because the defendants had failed "to show how *res judicata* and collateral estoppel would fail to prevent the possibility of inconsistent outcomes." *Id.* at *5.

In the same Opinion and Order, the Court dismissed Nos. 18 Civ. 5371, 5372, 7997 for lack of subject matter jurisdiction. 2019 WL 4735378, at *4. Buhannic appealed that Order in its entirety; the Second Circuit dismissed the appeal in April 2020. *Buhannic v. Tradingscreen Inc.*, Nos. 19-3498, 3503, 3504, 3508, 3513 (2d Cir. Apr. 30, 2020).

## II. RELEVANT LAW

Two related doctrines address the preclusive effect courts must give prior rulings — *res judicata* and collateral estoppel. "A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014). When the plaintiff is *pro se*, as is the case here, courts should read *pro se* pleadings

"liberally and interpret them to raise the strongest arguments that they suggest." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999)).

Under the doctrine of *res judicata*, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

A defendant asserting *res judicata* must show that

(1) the previous action involved an adjudication on the merits;

(2) the previous action involved [the same adverse parties] or those in privity with them; and

(3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.

*Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 779 F.3d 102, 108 (2d Cir. 2015) (internal quotation marks and citation omitted).

"Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen*, 449 U.S. at 94. The doctrine of collateral estoppel applies when:

(1) the issues in both proceedings are identical,

(2) the issue in the prior proceeding was actually litigated and actually decided,

(3) there was full and fair opportunity to litigate in the prior proceeding, and

(4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

*United States v. Hussein*, 178 F.3d 125, 129 (2d Cir. 1999) (internal quotation marks and citation omitted).

"The Full Faith and Credit Act, 28 U.S.C. § 1738 . . . requires [a] federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293

(2005) (internal quotation marks and citation omitted).  Accordingly, where necessary, the Court will apply New York law in its analyses.  *See Simmons v. Trans Express Inc.*, 955 F.3d 325, 328 (2d Cir. 2020).

### III.  DISCUSSION

In deciding the first motion to dismiss this case, the Court noted TradingScreen had not shown that *res judicata* and collateral estoppel were unable to prevent inconsistent rulings between this Court and that of Justice Friedman.  Now that the state litigation has finally been disposed of, TradingScreen uses those tools to urge the Court to dispose of this case in a second motion to dismiss.

TradingScreen argues that the claims related to the Delaware and New York state actions were already decided by Justice Friedman and are barred by *res judicata*, as are claims related to the SpreadZero investigation and damages from breach of the indemnification agreement.[2]  It also argues, in reliance on the New York litigation, that the Court must find that fees related to the AAA arbitration and the three relevant cases filed in this Court are not covered by the indemnification agreement.  The Court agrees with each of these points and dismisses the case in its entirety.

*Res judicata* bars reconsideration of advancing fees related to the Delaware and New York state actions.  Justice Friedman was presented with the precise question of whether to order TradingScreen to advance legal fees for Buhannic's defense of those actions — the same question raised by Buhannic's complaint here.  *See* No. 653624/2016, 2017 WL 6371156, at *2, 3.  She found, on the merits and with prejudice, that he was not entitled to fees because the underlying actions were not covered by the 2007 indemnification agreement.  *Id.*  As the parties are the same here, Buhannic's attempts to relitigate those same questions are barred, and his claim is dismissed.

---

[2] This motion was filed on November 12, 2019.  Doc. 41.  Although Buhannic's opposition was due on December 10, 2019, Minute Entry (Oct. 15, 2019), he has not filed any papers in opposition.  The Court notes, however, that Buhannic directly addressed whether the New York litigation should have preclusive effect on his action in his complaint.  Compl. ¶¶ 9–17.

7

Whether his claims relating to the SpreadZero investigation and damages from breach of contract are also barred is a closer question. Justice Friedman addressed both of these claims and found that Buhannic very well may be entitled to related fee advancements. *See* No. 653624/2016, 2017 WL 6371156, at *3. She also found, however, that Buhannic had failed to appropriately follow the procedural steps dictated by the indemnification agreement and accordingly denied these branches of his motion without prejudice to refiling with the proper documentation. *Id.* at *3, 4. Normally, such a denial without prejudice would not have a claim preclusive effect. *Camarano v. Irvin*, 98 F.3d 44, 47 (2d Cir. 1996) ("It is well established that a dismissal without prejudice has no *res judicata* effect on a subsequent claim.").

But Buhannic never took the opportunity afforded to him, and, 20 months later, Justice Friedman dismissed his lawsuit under Rule 3216 of the New York Civil Procedure Law and Rules for failure to prosecute. Because she did so explicitly "with prejudice," Order, No. 653624/2016 at 2 (Aug. 9, 2019), the dismissal is considered to have been on the merits and therefore has preclusive effect. *See, e.g.*, *Ziegler v. Serrano*, 74 A.D.3d 1610, 1611 (N.Y. App. Div. 2010) (indicating language "on the merits" or "with prejudice" in a Rule 3216 dismissal order triggers *res judicata*). Accordingly, Buhannic is barred from asserting issues litigated in that lawsuit here; his claim regarding the SpreadZero investigation and the damages from the breach of the indemnification agreement are dismissed.

For related reasons, the claims regarding the AAA arbitration and the three cases before this Court are dismissed, as well. In her opinion dismissing the request for advancement of fees related to the New York litigation, Justice Friedman found that cases brought by Buhannic that were not approved by the board of directors did not fall under the coverage of the Indemnification Agreement: "As this action was brought by [Buhannic] without the approval of the Board, [Buhannic] is not entitled to advancement or indemnification of expenses incurred in litigating [the New York action] as a whole."

No. 653624/2016, 2017 WL 6371156, at *3.  The other requirements of collateral estoppel are met, as well:  the issue was actually and fully litigated before Justice Friedman as Buhannic was represented by counsel and briefed this issue, and this issue was necessary to Justice Friedman's dismissal of the relevant branch of Buhannic's motion.  Accordingly, Justice Friedman's holding estops Buhannic from arguing that the indemnification agreement covers either the AAA arbitration or the three other cases before this Court.

Like the New York state action, Buhannic — not TradingScreen — initiated the AAA arbitration and the three lawsuits in this Court.  Buhannic does not claim in any of his papers, nor in any of these cases, that these suits were approved by TradingScreen's board of directors.  Therefore, for the same reasons articulated by Justice Friedman regarding the New York state litigation, the Court dismisses this lawsuit as it pertains to the AAA arbitration and the three suits brought in SDNY.

## IV.     CONCLUSION

For the foregoing reasons, TradingScreen's motion is GRANTED and this matter is dismissed with prejudice.  The Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from the Court's Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  *See Coppedge v. United*

9

*States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is directed to terminate the motion, Doc. 41, and close the case.[3]

It is SO ORDERED.

Dated:   July 20, 2020
         New York, New York

                                                     _____
                                                     EDGARDO RAMOS, U.S.D.J.

---

[3] As discussed in an Opinion & Order released simultaneously with this one in Nos. 19 Civ. 10650, 20 Civ. 3421, and 20 Civ. 4671, Buhannic is barred from filing future claims related to his termination as CEO of TradingScreen, status as a director of TradingScreen, or ownership of shares in TradingScreen without first obtaining leave to file from this Court.

10